IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SWEET MAGNOLIAS CAFÉ & GIFT,

    Plaintiff,

v.

    Case No.:

GENERAL STAR INDEMNITY COMPANY,

    Defendant.

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL TO THE UNITED STATES DISTRICT COURT

Defendant, General Star Indemnity Company ("GSIC"), by and through its undersigned counsel, and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, hereby files its Notice of and Petition for Removal to the United States District Court. Defendant requests that this Court remove this action from the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support thereof states as follows:

### Background

1). On or about March 16, 2023, Plaintiff, Sweet Magnolias Café & Gift ("Sweet Magnolias") filed a civil action in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, under the name and style *Sweet Magnolias Café & Gift. v. General Star Indemnity Company*, Case No. 2023-CA-000927 (the "Circuit Court Case").

2). Defendant was served with Plaintiff's Complaint on or about March 22, 2023. *See* Complaint and Return of Service filed contemporaneously herewith as Composite Exhibit "A."

3). The Complaint in the Circuit Court Case seeks benefits under a policy of insurance issued by Defendant to Plaintiff and alleges one count for breach of contract. *See generally* Complaint. The breach of contract claim in the Complaint relates to property damage that allegedly occurred on September 11, 2021. *See* Complaint at ¶ 7.

### Jurisdictional Basis

4). This action is within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, who are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and. *See* 28 U.S.C. § 1332(a)(1).

### Diversity of Citizenship Exists Between the Parties

5). For the purposes of diversity jurisdiction, "a corporation is a citizen of both the state of incorporation and the state which is its principal place of business." *Camper & Nicholsons Intern., Ltd. v. Blonder Marine & Charter, Inc.*, 793 F.Supp. 318 (S.D.Fla. Jun. 25, 1992); *See* 28 U.S.C. § 1332(c).

6). In the instant case, Plaintiff alleges that it owns the subject property located at 135 S. Central Avenue, Bartow, FL 33830. The Florida Limited Liability Company Annual Report attached as Exhibit "B" shows that Plaintiff, Sweet Magnolias, is a Florida corporation with a principal place of business of 135 S. Central Avenue, Bartow, FL 33830. In fact, relevant documents suggest that Plaintiff was initially incorporated as a Florida corporation in May of 2015. Therefore, the evidence shows that Plaintiff is a citizen of Florida not only because it was incorporated in Florida, but also because it has its principal place of business in Florida.

7.) At all times material hereto, Defendant, GSIC, was and is a foreign (surplus lines insurance carrier) corporation, incorporated and organized under the laws of Delaware, with its

principal place of business in Stamford, Connecticut. Therefore, Defendant, GSIC, is a citizen of the States of both Delaware and Connecticut for diversity purposes under 28 U.S.C. § 1332(c).

8). Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Florida and Defendant, GSIC, is a citizen of the States of both Delaware and Connecticut.

### Amount in Controversy Exceeds $75,000

9). In addition to complete diversity between the parties, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10). Where a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Devore v. Howmedica Osteonics Corp.*, 658 F.Supp. 2d 1372, 1379 (M.D.Fla. 2009).

11). If a district court cannot determine the amount in controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000,00.00, including post-suit settlement offers. *See Hardesty v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 45800, *3 (M.D.Fla. 2009); *Depina v. Iron Mountain Information Management, Inc.*, 2005 U.S. Dist. LEXIS 38831, *2 (M.D.Fla. 2005); *Martin v. Mentor Corp.*, 142 F.Supp. 2d 1346, 1349 (M.D.Fla. 2001). A settlement demand may be used to establish the amount in controversy. *See Wrubel v. Safeco Ins. Co.*, 266 F.Supp. 3d 1372, 1374 (S.D.Fla. 2017) ("evidence of a settlement demand in excess of $75,000 may constitute evidence that the jurisdictional requirement has been met" for subject matter jurisdiction); *see also Urban Wear Am. Inc. v. Scottsdale Ins. Co.*, 2021 U.S. Dist. LEXIS 65023 (S.D.Fla. Jan. 12, 2021) (same); *see also Ralph v. Target Corp.*, 2009 U.S. Dist.

LEXIS 99398 (M.D.Fla. Sept. 30, 2009) (finding the plaintiff's demand helped establish that the amount in controversy exceeded $75,000.00); *see also Essenson v. Coale*, 848 F.Supp. 987 (M.D.Fla. 1994) (plaintiff's offer of judgment could be used to demonstrate amount in controversy).

12). Additionally, "[p]ublic adjuster estimates are routinely used to establish the amount in controversy in removal cases of first party insurance claims where the amount of damages is not specified in the complaint." *Westerburger v. GeoVera Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 87974, *4 (S.D.Fla. May 23, 2019); *see also Perez-Malo v. First Liberty Ins. Corp.*, 2017 U.S. Dist. LEXIS 220658, *7 (S.D.Fla. June 8, 2017) (repair estimates that are prepared by plaintiff's public adjuster are an "honest assessment of damages" and "reflect[s] specific information to support plaintiff's claim for damages rather than puffing and posturing") (internal citation omitted).

13). While the Complaint does not specifically quantify Plaintiff's damages, Plaintiff asserts that Defendant issued a property insurance policy to Plaintiff for the insured property, which was allegedly damaged due to a windstorm. *See* Complaint ¶ 7. Prior to filing suit, Plaintiff submitted a Property Insurance Notice of Intent to Initiate Litigation with the Florida Department of Financial Services and to Defendant, GSIC, with a demand in the amount of $116,429.00. *See* Exhibit "C".

14.) Moreover, prior to filing suit, Plaintiff also submitted an estimate prepared by Ask an Adjuster, LLC on Plaintiff's behalf totaling $116,429.54. A copy of this estimate is attached as Exhibit "D".

15). Accordingly, the amount in controversy in this case exceeds the jurisdictional amount under 28 U.S.C. § 1332(a)(1).

## Removal to the Middle District of Florida, Tampa Division is Proper and Timely

16). Removal to the United States District Court for the Middle District of Florida, Tampa Division, is proper pursuant to 28 U.S.C. § 1446(a) because the Middle District of Florida, Tampa Division, includes Polk County, the judicial circuit in which Plaintiff filed the Circuit Court Case.

17). Pursuant to 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." As detailed above, Plaintiff effectuated service on Defendant on March 22, 2023. Thus, as less than thirty (30) days have passed, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

18.) Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are filed with this notice of removal as required by 28 U.S.C. § 1446(a).

19). Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of removal of this action to all parties in this action and will file a copy of the notice with the Clerk of the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons Defendant, General Star Indemnity Company, respectfully requests that the United States District Court for the Middle District of Florida, Tampa Division, accept the removal of this action from the state court and direct that the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida have no further jurisdiction of this matter unless and until this case is remanded.

Respectfully submitted, this 20th day of April, 2023.

| | |
|---|---|
| **FIELDS HOWELL LLP**<br>9155 S. Dadeland Blvd., Suite 1012<br>Miami, FL 33156<br>Telephone: (786) 870-5600<br>Facsimile: (855) 802-5821<br>Email: arubio@fieldshowell.com<br>        jbassett@fieldshowell.com<br>        service@fieldshowell.com | /s/Justin A. Bassett<br>Armando P. Rubio<br>Florida Bar No.: 478539<br>Justin A. Bassett<br>Florida Bar No. 1015520<br>***Counsel for Defendant*** |

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant certifies that on April 20, 2023, a copy of the foregoing **NOTICE OF REMOVAL** to be filed with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record, was served by U.S. Certified mail to the following address:

Maria Corvaia O'Donnell, Esq.<br>
The People's Law, PA<br>
2436 N. Federal Highway, #440.<br>
Pompano Beach, FL 33064

| | |
|---|---|
| **FIELDS HOWELL LLP**<br>9155 S. Dadeland Blvd., Suite 1012<br>Miami, FL 33156<br>Telephone: (786) 870-5600<br>Facsimile: (855) 802-5821<br>Email: arubio@fieldshowell.com<br>jbassett@fieldshowell.com<br>service@fieldshowell.com | /s//s/Justin A. Bassett<br>Armando P. Rubio<br>Florida Bar No.: 478539<br>Justin A. Bassett<br>Florida Bar No. 1015520<br>***Counsel for Defendant*** |