UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SWEET MAGNOLIAS CAFÉ & GIFT,

    Plaintiff,

v.                                                                                           Case No. 8:23-cv-873-CPT

GENERAL STAR INDEMNITY
COMPANY,

    Defendant.
_____/

**O R D E R**

    Before the Court is the Plaintiff's *Notice of Settlement and Joint Stipulation for Final Order of Dismissal with Prejudice* (Doc. 38), which the Court construes as a motion for a dismissal with prejudice. The portion of the Plaintiff's motion seeking an order dismissing the action with prejudice is well grounded and due to be granted. On the other hand, the Plaintiff's request that the Court also reserve jurisdiction to enforce the parties' settlement agreement requires some discussion.

    When parties file a motion to dismiss an action, a court has the discretion to maintain jurisdiction over the matter, provided that an independent basis for jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1279–80 (11th Cir. 2012). Even where such an independent jurisdictional basis is present, however, courts in this

District are generally reluctant to retain jurisdiction to enforce settlement agreements unless there is a sufficient rationale for doing so. *See, e.g.*, *John Hancock Life Ins. Co. (USA) v. Intemann*, 2014 WL 5325710, at *3 (M.D. Fla. Oct. 20, 2014) ("The [c]ourt generally declines requests to retain jurisdiction to enforce settlement agreements."); *United States ex rel. Tab Glass & Window Corp. v. Travelers Cas. & Sur. Co. of Am., Inc.*, 2013 WL 6409792, at *2 (M.D. Fla. Dec. 9, 2013) (refusing to retain jurisdiction over a settled case and noting that it was "under no obligation" to do so).

Here, the Plaintiff does not offer any justification for the Court to retain jurisdiction once this action is dismissed. The Court therefore respectfully declines to do so.

In light of the above, it is hereby ORDERED:

1. The Plaintiff's construed motion for dismissal (Doc. 38) is granted in part and denied in part as described herein.

2. This action is dismissed with prejudice.

3. The Clerk of Court is directed to terminate any pending motions and deadlines and to close the case.

SO ORDERED in Tampa, Florida, this 23rd day of September 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record